Herbert **ROBERTS**, Joan **Roberts** and Lewis **Bromberg**, Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

**Misc. No. M–9–150.**

United States District Court,
S.D. New York.

Nov. 25, 1987.

## MEMORANDUM OPINION

SWEET, District Judge.

The government has moved for reargument of the motion granted against it by the court's determination of March 13, 1987. For the reasons set forth below, the motion to reargue is denied.

*Prior Proceedings*

As set forth in the opinion of March 13, 1987, 656 F.Supp. 929, the petitioners Herbert Roberts, Joan Roberts and Lewis Bromberg (the "Petitioners") sought successfully under Rule 41(e), Fed.R.Cr.P., to compel the return of documents seized during a search by Postal Inspectors on May 27, 1986 at 31 East 31st Street, New York, New York.

Thereafter the government sought and obtained extensions of time to permit the government to seek review of the March 13 order up to June 11, 1987. The instant application was filed on June 15, and opposing memoranda were received on September 3 and 4, 1987.

*Reargument is Inappropriate*

The government maintains that the March 13 decision "which the Court reached without benefit of briefing on the subject" (Government Memorandum of Law in Support, p. 3) overlooked the *Leon* good faith exception to the exclusionary rule and failed properly to consider *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), in particular the government's argument relating to footnote 6.

A review of the opinion reveals that the government's good faith argument was indeed considered without specific reference to *Calandra* which had been cited by the government on page 4 of its initial brief. It is principally on its interpretation of *Calandra* that the government now relies to support its contention that an authority was overlooked.

Certainly, although *Calandra* had been cited, correctly for the proposition that the illegally seized evidence can be presented to a grand jury (Government's Memorandum of Law in Opposition, p. 4), footnote 6, quoted below, had not been stressed and, therefore, not discussed in the prior opinion. It does not, however, alter the result.

The footnote provides:

We have recognized that Rule 41(e) is "no broader than the constitutional rule." *Alderman v. United States*, 394 U.S. 165, 173 n. 6 [89 S.Ct. 961, 966, n. 6, 22 L.Ed.2d 176] (1969); *Jones v. United States*, 362 U.S. 257 [80 S.Ct. 725, 4 L.Ed.2d 697] (1960). Rule 41(e), therefore, does not constitute a statutory expansion of the exclusionary rule.

*Calandra, supra*, at 349 n. 6, 94 S.Ct. at 620 n. 6. From this language the government seeks to read the good faith exception into Rule 41(e), the proposition earlier rejected by this court.

*Calandra* proceeded without challenging the Rule 41(e) determination which required the return of the seized documents. It dealt with an issue not present here, namely, whether the exclusionary rule barred the use of such documents by the grand jury, and after reviewing the functions and purpose of the grand jury, the court permitted the use of the suppressed documents. Here, the government seeks to use the court's decision not to extend the exclusionary rule into a holding that the good faith exception to the exclusionary rule should be extended to Rule 41(e). The government paralogizes, and the argument fails.

Additionally, it must be recalled that *Calandra* was decided in 1974, at a time when the exclusionary rule had considerably more vitality than it does today. In 1974 there was no good faith exception to the exclusionary rule, nor were there many of the other exceptions the Supreme Court has created. Thus, at that time, even an unexpansive Rule 41(e) would have encompassed the protections granted by this court's March 13, 1987 opinion.

The remaining issues raised by the government were previously considered and rejected. No further reargument is required.

Because the authority allegedly overlooked is inapposite and the remaining authorities were previously considered, no reargument is required. Therefore, the government's motion is denied.

IT IS SO ORDERED.